ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
|,The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Jarred Patrick Bradley, to sit for the Louisiana Bar Examination based on character and fitness concerns stemming from his failure to disclose relevant information on his law school application. We subsequently granted petitioner permission to sit for the bar exam, with the provision that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Bradley, 09-1345 (La.6/24/09), 11 So.3d 491.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. Following the proceedings, the commissioner filed his report with this court, recommending admission be denied. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana, subject to the following conditions:
*115 Jjl. The term of this conditional admission shall be for two years from the date of admission.
2. Within thirty days of petitioner’s admission, he shall enter into a formal plan with the Office of Disciplinary Counsel (“ODC”) incorporating the following conditions:
a. During the period of this conditional admission, petitioner shall attend and successfully complete the Louisiana State Bar Association’s Ethics School program.
b. Petitioner shall request that the ODC appoint a practice monitor to supervise his professional activities during the period of this conditional admission. Petitioner shall comply with all reasonable requests of his practice monitor.
c. Petitioner shall cooperate with the ODC, and shall comply with any and all requirements imposed upon him by the ODC.
8. Within thirty days prior to the expiration of the conditional admission, the ODC shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended.
Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.
VICTORY and CLARK, JJ., would deny admission.

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.